U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

JAN 2 0 2006

CLERK, U.S. DISTRICT COURT

By _____
         Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| FAS TECHNOLOGIES, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| ORIGINAL | § | NO. _____ **3-06CV0147-H** |
| v. | § | |
| | § | **JURY DEMANDED** |
| NAKAN CORPORATION, TRIPHOL | § | |
| CORPORATION and SHINICHI | § | |
| MURAGUCHI, | § | |
| | § | |
| *Defendants.* | § | |

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

---

Plaintiff FAS Technologies LLC ("FAS") brings this action for breach of contract, fraud, statutory theft of trade secrets, and misappropriation of trade secrets, against Defendants Nakan Corporation ("Nakan"), Triphol Corporation ("Triphol"), and Shinichi Muraguchi ("Muraguchi"), and alleges as follows:

### I.      THE PARTIES

1.      FAS is a Texas limited liability company with offices located at 10480 Markison Road, Dallas, Texas 75238.

2.      Upon information and belief, Defendant Nakan is a Japanese corporation having a principal place of business at 312 Chigasu-cho, Hahamigawa-ku, Chiba City, Japan 262-0012.

3.      Upon information and belief, Defendant Triphol is a Japanese corporation having a principal place of business at Newriver Building Annex, 1-10-14, Shinkawa, Chuo-ku, Tokyo 104-0033.

---

PLAINTIFF'S COMPLAINT AND JURY DEMAND                                                   PAGE 1 OF 10

4.     Upon information and belief, Defendant Muraguchi is an individual resident of Tokyo, Japan.

## II.     JURISDICTION AND VENUE

5.     The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a) because FAS is a citizen of Texas and Nakan, Triphol, and Muraguchi are citizens of Japan with their principal places of business and residences in Japan.  And the amount in controversy exceeds $75,000, excluding interest and costs.

6.     Personal jurisdiction exists generally over Nakan, Triphol, and Muraguchi because each of them has sufficient minimum contracts with the forum as a result of business conducted within the state of Texas and the Northern District of Texas.  Personal jurisdiction also exists specifically over Nakan, Triphol, and Muraguchi because each of them entered into contractual relationships with FAS within the state of Texas and the Northern District of Texas. In addition, personal jurisdiction exists over Nakan, Triphol, and Muraguchi because both committed intentional torts within the state of Texas and the Northern District of Texas.

## III.     BACKGROUND

7.     FAS is a Dallas-based technology company that pioneered the field of advanced, high-precision coating systems for thin film applications.  FAS and its affiliates were funded in part by the U.S. Defense Advanced Research Projects Agency, the central research and development organization for the U.S. Department of Defense charged with maintaining U.S. technological superiority in fields critical to U.S. national security.

8.     FAS is the originator of "digital dispense" technology and "spinless" or "extrusion" coating technology (collectively, "FAS Coat™").  FAS Coat™ technology is used

---

worldwide in coating flat panel displays ("FPDs") such as computer monitors, LCD screens for television applications and other types of display applications. FAS Coat™ technology is proprietary to FAS and protected under trade secret, copyright and patent laws.

9.      Nakan, Triphol, and Muraguchi approached FAS regarding designing, engineering, and building extrusion coating systems ("Coating Systems") in conjunction with Nakan.

10.     Each time personnel from Nakan, Triphol, and Muraguchi entered FAS's Dallas facilities, they executed a confidentiality agreement pursuant to which they agreed to protect, keep confidential, and not improperly use FAS's confidential, proprietary, and trade secret information and technology.

11.     FAS and Nakan executed a Confidentiality and Non-disclosure Agreement (the "Nondisclosure Agreement"). The Nondisclosure Agreement provides that all confidential, proprietary, and trade secret information and technology disclosed to Nakan by FAS shall not be used for any purpose other than allowing FAS and Nakan to discuss and study the feasibility of a joint development relationship related to Coating Systems.

12.     On July 29, 2005, FAS and Nakan also executed a Memorandum of Understanding (the "MOU") and a Term Sheet for the Joint Development of Slot-Die Coating (the "Term Sheet"), which further established a framework for their relationship and detailed their relationship. The MOU and the Term Sheet envisioned that FAS and Nakan would design, engineer, and build a unique Coating System designed specifically for Nakan's customers.

13.     Pursuant to its agreements with FAS, Nakan initially agreed to pay FAS $795,000 to design and engineer a unique Coating System for Nakan and to produce the component set to build the Coating System.

14. This $795,000 represented a dramatic discount by FAS to reflect Nakan's commitment to purchase the core components for Coating Systems it intended to sell to its customers from FAS. FAS anticipated that these component sales would generate millions of dollars in future revenue.

15. Nakan paid FAS $360,000 of the initial $795,000 owed, and FAS delivered to Nakan confidential, proprietary, and trade secret information and know how regarding the unique Coating Systems designed for Nakan, and regarding Coating Systems in general (collectively, the "IP").

16. After FAS delivered the IP to Nakan, Nakan never ordered the initial component set from FAS.

17. On or about October, 21, 2005, Nakan contacted FAS and stated that it had been informed that FAS had granted a non-exclusive license to a competitor, KC Tech Co., Ltd. ("KC Tech").

18. FAS verified that it had settled litigation with KC Tech and had granted a license to certain aspects of the IP to KC Tech in connection with the settlement and reminded Nakan that during its initial discussions with Nakan, it told Nakan that it had licensed the IP to other equipment manufacturers and anticipated granting additional licenses in the future. FAS also reminded Nakan that none of the agreements between FAS and Nakan grants Nakan an exclusive license related to the IP to Nakan or prohibits FAS from granting additional licenses.

19. Nakan, without legal justification of any kind, demanded that the license to KC Tech be cancelled. FAS informed Nakan that this was not possible.

20.     Nakan, without legal justification of any kind, then ceased communicating with FAS and upon information and belief, continued its efforts to develop a unique Coating System using the IP, and to market and sell such Coating Systems to its customers.

## IV.   **FRAUD**

21.     FAS repeats the allegations in paragraphs 7 through 20 as if set forth herein.

22.     Upon information and belief, Nakan never intended to abide by the terms of the Nondisclosure Agreement, the MOU, or the Term Sheet, and it entered into such contracts in order to access FAS's confidential, proprietary, and trade secret information and technology. This is evidenced by Nakan's wilful and blatant breach of its contractual obligations to FAS and its disregard for FAS's intellectual property rights.

23.     Upon information and belief, Triphol and Muraguchi, as agents of and on behalf of Nakan, persuaded FAS to enter into the Nondisclosure Agreement, the MOU, and the Term Sheet, and to disclose its confidential, proprietary, and trade secret information and technology to Nakan knowing that Nakan never intended to abide by the terms of the agreements it signed. This is evidenced by the fact that Triphol and Muraguchi have represented to FAS that they are the "authorized legal representatives" of Nakan with respect to matters related to the Nondisclosure Agreement, the MOU, and the Term Sheet, and the fact that Triphol and Muraguchi have handled most of the negotiations, interaction, and technology transfers that occurred between FAS and Nakan.

24.     In order to gain access to FAS's confidential, proprietary and trade secret information, and technology, Nakan, with the support and assistance of Triphol and Muraguchi, made the following representations to FAS (this is an illustrative, rather than exclusive, list):

      i.    they would protect FAS's confidential, proprietary and trade secret information, and technology;

      ii.    they would not misappropriate FAS's confidential, proprietary and trade secret information, and technology; and

      iii.    they would order core components for Coating Systems from FAS.

25.    These representations were false. FAS relied on these representations to its detriment and gave Nakan, Triphol, and Muraguchi access to its confidential, proprietary and trade secret information, and technology.

26.    As a result of Nakan's, Triphol's, and Muraguchi's intentional and knowing misrepresentations, FAS has sustained and will continue to sustain substantial damages in an amount not presently known. In addition, the Court should assess punitive damages against Nakan, Triphol, and Muraguchi.

## V.    <u>CONVERSION</u>

27.    FAS repeats the allegations in paragraphs 7 through 26 as if set forth herein.

28.    Nakan, Triphol, and Muraguchi have misappropriated and converted to their own use FAS's confidential, proprietary and trade secret information, and technology.

29.    As a result of Nakan's, Triphol's and Muraguchi's wilful and intentional conversion, FAS has sustained and will continue to sustain substantial damages in an amount not presently known. In addition, the Court should assess punitive damages against Nakan, Triphol, and Muraguchi.

## VI.    <u>UNJUST ENRICHMENT</u>

30.    FAS repeats the allegations in paragraphs 7 through 29 as if set forth herein.

31.    Nakan, Triphol, and Muraguchi have benefited from and been unjustly enriched by the acts described above.  An accounting and a constructive trust should be imposed on Nakan's, Triphol's, and Muraguchi's profits from the unlawful use of FAS confidential, proprietary and trade secret information, and technology and the profits should be paid to FAS.

## VII.    CIVIL CONSPIRACY

32.    FAS repeats the allegations in paragraphs 7 through 31 as if set forth herein.

33.    Upon information and belief, Nakan, Triphol, and Muraguchi agreed to commit unlawful acts including stealing, misappropriating, and converting FAS's confidential, proprietary and trade secret information, and technology.  Acting in concert, Nakan, Triphol, and Muraguchi did steal such information and are currently using it to design, market, and sell Coating Systems to Nakan's customers.  Because Nakan does not intend to pay FAS, the owner of the technology upon which these Coating Systems are based, a royalty, or to order core components from FAS as it agreed to do, Nakan may be able to undercut the prices offered to potential purchasers of the Coating Systems, allowing it to undercut the prices of its competitors that are paying royalties to FAS.

34.    As a result of the civil conspiracy between Nakan, Triphol, and Muraguchi, FAS has sustained and will continue to sustain substantial damages in an amount not presently known.

## VII.    STATUTORY THEFT OF TRADE SECRETS

35.    FAS repeats the allegations in paragraphs 7 through 34 as if set forth herein.

36.    Nakan, and Triphol and Muraguchi, as agents of and on behalf of Nakan, have misappropriated and are using the IP in violation of the agreements between FAS and Nakan.  In doing so, Nakan, Triphol, and Muraguchi have misappropriated FAS's trade secrets in violation of Texas Theft Liability Act.  TEX. CIV. PRAC. REM. CODE ANN. § 144.001-.005.

37.    As a result of such theft, FAS has sustained and will continue to sustain substantial damages in an amount not presently known.

## VIII.   MISAPPROPRIATION OF TRADE SECRETS

38.    FAS repeats the allegations in paragraphs 7 through 37 as if set forth herein.

39.    By misappropriating and using FAS's confidential, proprietary and trade secret information, and technology without its consent, Nakan, Triphol, and Muraguchi have misappropriated FAS's trade secrets in violation of Texas law.

40.    As a result of such misappropriation, FAS has sustained and will continue to sustain substantial damages in an amount not presently known.

## IX.   BREACH OF CONTRACT

41.    FAS repeats the allegations in paragraphs 7 through 40 as if set forth herein.

42.    FAS fully performed its contractual obligations to Nakan.

43.    Nakan, Triphol, and Muraguchi, however, have breached their contractual obligations to FAS by, among other things:

    i.    misappropriating FAS's confidential, proprietary and trade secret information, and technology and converting it to its own use; and

    ii.    failing to order component sets for Coating Systems.

44.    As a result of these breaches, FAS has suffered and continues to suffer damages in an amount not presently known.

45.    All conditions precedent have been performed or have occurred.

## X.   TORTIOUS INTERFERENCE WITH A CONTRACT

46.    FAS repeats the allegations in paragraphs 7 through 45 as if set forth herein.

47.    Triphol and Muraguchi have knowledge that KC Tech and Nakan are parties to several contracts regarding the ownership and use of FAS's IP.

48.    Upon information and belief, despite this knowledge, Triphol and Muraguchi have assisted Nakan in breaching its contractual obligations to FAS and marketing and producing Coating Devices for customers without obtaining a license from FAS or purchasing components from FAS.

49.    In doing so, Triphol and Muraguchi have tortiously interfered with the contractual relationships that exist between FAS and Nakan.

50.    As a result of such tortious interference, FAS has sustained and will continue to sustain substantial damages in an amount not presently known.

## XI.    <u>PRAYER FOR RELIEF</u>

FAS respectfully requests that judgement be entered in its favor and against Defendants Nakan, Triphol, and Muraguchi and that the Court grant the following relief to FAS:

    i.    actual damages;

    ii.    punitive damages;

    iii.    interest on FAS's damages;

    iv.    attorney's fees and costs under the Texas Theft Liability Act;

    v.    attorney's fees under Texas Civil Practice and Remedies Code § 38.001;

    vi.    an accounting and constructive trust on Nakan's, Triphol's, and Muraguchi's profits generated by the acts set forth herein; and

    vii.    such other relief as the Court deems just and proper.

## XII.    <u>JURY DEMAND</u>

In accordance with Federal Rule of Civil Procedure 38 and 39, Plaintiff asserts its rights

under the Seventh Amendment of the United States Constitution and demands a trial by Jury on all issues.

Respectfully submitted,

**OHASHI & HORN LLP**
Republic Center
325 N St. Paul Street, Suite 4400
Dallas, Texas 75201
214.743.4170
214.743.4170 (Fax)

By: _____

Jeff J. Horn, Jr., Attorney-in-Charge
State Bar No. 24027234
jeffhorn@ohashiandhorn.com
Vance P. Freeman
State Bar No. 24036595
vfreeman@ohashiandhorn.com

**SHORE CHAN BRAGALONE, LLP**
Republic Center
325 North Saint Paul Street-44th Floor
Dallas, Texas 75201
214.743.4180 Telephone
425.799.4180 Facsimile
Michael W. Shore
Texas State Bar No. 18294915
shore@shorechan.com
Alfonso Garcia Chan
Texas State Bar No. 24012408
achan@shorechan.com
Jeff Bragalone
Texas State Bar No. 02855775
jbragalone@shorechan.com
Joseph F. DePumpo
Texas State Bar No. 00787355
jdepumpo@shorechan.com

---

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**                               **PAGE 10 OF 10**

JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

FAS Technologies, LLC

JAN 20 2006

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## DEFENDANTS

Nakan Corporation; Triphol Corporation; Shinichi Muraguchi

**(b)** County of Residence of First Listed Plaintiff ___Dallas, County___
(EXCEPT IN U.S. PLAINTIFF CASES)

ORIGINAL

County of Residence of First Listed Defendant ___Chiba Prefecture, Japan___
(IN U S. PLAINTIFF CASES ONLY)

NOTE.  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

OHASHI & HORN LLP, Republic Center, 325 N St. Paul Street, Suite 4400, Dallas, Texas 75201, (214) 743-4170

Attorneys (If Known)

3 - 06CV0147 - H

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U S Government Plaintiff | ☐ 3  Federal Question (U S Government Not a Party) |
| ☐ 2  U S Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability    ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander    ☐ 368 Asbestos Personal | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability    Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine    **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl  Veterans) | ☐ 345 Marine Product    ☒ 370 Other Fraud | ☐ 690 Other | **LABOR** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability    ☐ 371 Truth in Lending | | ☐ 710 Fair Labor Standards | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 380 Other Personal | | Act | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    Property Damage | | ☐ 720 Labor/Mgmt. Relations | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability    ☐ 385 Property Damage | | ☐ 730 Labor/Mgmt Reporting | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Product Liability | | & Disclosure Act | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | ☐ 740 Railway Labor Act | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | | ☐ 790 Other Labor Litigation | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting    ☐ 510 Motions to Vacate | | ☐ 791 Empl. Ret Inc. | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment    Sentence | | Security Act | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/    **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations    ☐ 530 General | | ☐ 870 Taxes (U S  Plaintiff | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare    ☐ 535 Death Penalty | | or Defendant) | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party | Under Equal Access |
| | Employment    ☐ 550 Civil Rights | | 26 USC 7609 | to Justice |
| | ☐ 446 Amer w/Disabilities -    ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

Cite the U S  Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

## VI. CAUSE OF ACTION
Brief description of cause:  Fraud; Theft of Trade Secret

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)     JUDGE _____  DOCKET NUMBER _____

DATE

January 20, 2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____